IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| Celgard, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 13-122 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Sumitomo Chemical Company, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Celgard, LLC ("Plaintiff" or "Celgard"), for its Complaint against Defendant Sumitomo Chemical Company, Ltd. ("Defendant" or "Sumitomo Chemical"), states as follows:

## NATURE OF ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Sumitomo Chemical of a patent owned by Celgard.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

3. Plaintiff Celgard is a is a company organized under the laws of the State of Delaware having a place of business at 13800 South Lakes Drive, Charlotte, North Carolina 28273.

4. Sumitomo Chemical is a company organized and existing under the laws of Japan having a place of business at Tokyo Sumitomo Twin Building (East), 27-1, Shinkawa 2-chome, Chuo-ku, Tokyo 104-8260, Japan.

1

## U.S. PATENT NO. 6,432,586

5.      Celgard is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,432,586 ("the '586 patent"), including the right to sue for past damages. Accordingly, Celgard has standing to bring this action for patent infringement. The '586 patent was duly and legally issued by the United States Patent and Trademark Office on August 13, 2002, is active, and is entitled "Separator for a High Energy Rechargeable Lithium Battery." A true and correct copy of the '586 patent is attached hereto as Exhibit A.

6.      The '586 patent relates generally to separators for use in lithium ion batteries, such as lithium ion battery separators that have a ceramic composite layer or coating.

## SUMITOMO CHEMICAL, ITS INFRINGING CONDUCT, JURISDICTION, AND VENUE

7.      Sumitomo Chemical is one of the world's largest chemical companies, and it manufactures and sells chemicals and materials for use in a wide array of different applications.

8.      Sumitomo Chemical regularly conducts business throughout the United States directly and through a number of its wholly-owned subsidiaries (Sumitomo Chemical's "U.S. Subsidiaries").

9.      On information and belief, Sumitomo Chemical derives substantial revenues from its regularly conducted business activities throughout the United States. On information and belief, Sumitomo Chemical receives substantial revenue from the activities of its U.S. Subsidiaries in the United States.

10.     Sumitomo Chemical's U.S. Subsidiaries are organized, exist, and/or operate under the laws of various states throughout the United States, including North Carolina. Accordingly, Sumitomo Chemical purposefully avails itself of the laws of various states throughout the United States. Sumitomo Chemical's U.S. Subsidiaries conduct business in a number of industries,

including petrochemicals and plastics, pharmaceuticals, health and crop sciences, IT-related chemicals, and financing. On information and belief, Sumitomo Chemical derives substantial revenues from the activities of its U.S. Subsidiaries in the United States.

11. Sumitomo Chemical has continuous and systematic contacts with the United States. For example, Sumitomo Chemical maintains a number of wholly-owned subsidiaries in the United States, including Sumitomo Chemical America, Inc. Further, Sumitomo Chemical owns property in the United States, including intellectual property and U.S. patents. For example, Sumitomo Chemical owns intellectual property rights created by United States patent law. Sumitomo Chemical directly owns a number of United States patents. Further, Sumitomo Chemical's U.S. Subsidiaries own a number of United States patents. Sumitomo Chemical also has registered and maintains a number of U.S. Trademarks. For example, Sumitomo Chemical filed a trademark application for the word mark "PERVIO" and indicated that it intends to use this word mark in the United States in connection with the sale of separators for batteries. In this manner and others, Sumitomo Chemical purposefully avails itself of the benefits of United States law.

12. Sumitomo Chemical and its U.S. Subsidiaries have employed the Federal Courts of the United States to protect and enforce intellectual property rights. Specifically, Sumitomo Chemical has filed civil actions for patent infringement in Federal District Courts of the United States and the U.S. International Trade Commission. For example, Sumitomo Chemical and its wholly-owned subsidiary, Valent U.S.A. Corporation, sued Syngenta Corporation and several of its affiliates in the United States District Court for the Western District of Wisconsin for infringement of U.S. Patent No. 5,034,404. In that action, Sumitomo Chemical alleged that it directly owned all right, title, and interest in and to U.S. Patent No. 5,034,404. Sumitomo

3

Chemical and Valent U.S.A. Corporation also filed a Complaint with the U.S. International Trade Commission pursuant to Section 337 of the Tariff Act of 1930 against Syngenta Seeds, Inc. and several affiliates related to infringement of U.S. Patent No. 5,034,404. Sumitomo Chemical's subsidiaries have filed civil actions for patent infringement in Federal District Courts of the United States.  For example, Sunovion Pharmaceuticals Inc., a subsidiary of Sumitomo Chemical, sued Watson Pharmaceuticals, Inc. and others in the United States District Court for the District of Delaware alleging infringement of U.S. Patent No. 7,256,310.

13.     Sumitomo Chemical maintains an English-language website at http://www.sumitomo-chem.co.jp/english/. On this website, Sumitomo Chemical provides information regarding its products and activities, as well as the activities of its U.S. Subsidiaries. In addition, Sumitomo Chemical markets its products and services on this web site.  Sumitomo Chemical also provides information relating to investor relations on this website.  On information and belief, Sumitomo Chemical has a number of investors in the United States and intends to attract investment from the United States.  On information and belief, Sumitomo Chemical's web site is directed to marketing, offering for sale, and selling its products and services in the United States, including in the Western District of North Carolina.

14.     In at least one sector of its business, Sumitomo Chemical manufactures and sells chemicals and materials for use in the electronics industry, including, but not limited to, separators for use in lithium ion batteries.  Sumitomo Chemical manufactures and sells lithium ion battery separators that fall within the scope of one or more claims of the '586 patent (or are equivalent thereto) ("the Accused Lithium Ion Battery Separators").  The Accused Lithium Ion Battery Separators are incorporated by Sumitomo Chemical and by Sumitomo Chemical's

4

customers into lithium ion batteries, such as those used in portable electronic devices and electric vehicles.

15. Sumitomo Chemical manufactures and sells the Accused Lithium Ion Battery Separators. Sumitomo Chemical sells the Accused Lithium Ion Battery Separators to certain vendees with the knowledge and intent that the Accused Lithium Ion Battery Separators are to be incorporated into finished lithium ion batteries, and with the knowledge and intent that these finished lithium ion batteries are to be imported into the United States, used in the United States, offered for sale in the United States, and sold in the United States, including in North Carolina and the Western District of North Carolina. Celgard has not authorized Sumitomo Chemical to engage in any of this conduct. Nor has Celgard authorized Sumitomo Chemical's vendees or their downstream customers to engage in any of this conduct.

16. On information and belief, Sumitomo Chemical maintains relationships with certain trading companies, including, but not limited to, Inabata & Company, Ltd. ("Inabata") and Inabata's United States subsidiary, Inabata America Corporation ("IAC"). On information and belief, IAC actively promotes the Accused Lithium Ion Battery Separators on Sumitomo Chemical's behalf within the United States to various entities, including, but not limited to, companies that manufacture and sell products that employ lithium ion batteries. On information and belief, Sumitomo Chemical engages IAC to conduct such promotional activity on its behalf with the intent of increasing demand in the United States for lithium ion batteries that are manufactured using the Accused Lithium Ion Battery Separators.

17. The importation, use, offer for sale, or sale of lithium ion batteries containing the Accused Lithium Ion Battery Separators in the United States constitutes direct infringement of one or more claims of the '586 patent. Sumitomo Chemical knows of and has known of the '586

5

patent, at least since September 21, 2012. Sumitomo Chemical knows and has known that the importation, use, offer for sale, or sale of lithium ion batteries containing the Accused Lithium Ion Battery Separators in the United States by its vendees or their downstream customers constitutes direct infringement of one or more claims of the '586 patent.

18. Sumitomo Chemical is a sophisticated company and is very familiar with patents, through ownership of its own patents and others. The '586 patent is readily readable for someone of ordinary skill in the field. A reasonable person reading the '586 patent and knowing of Sumitomo Chemical's process and their lithium-ion battery separators would know of at least a very high likelihood that its separators infringe the '586 patent and that its activities induce infringement in the United States.

19. Sumitomo Chemical sells the Accused Lithium Ion Battery Separators to its vendees with the knowledge and intent that the Accused Lithium Ion Battery Separators are to be incorporated into finished lithium ion batteries, and with the knowledge and intent that these finished lithium ion batteries are to be imported into the United States, used in the United States, offered for sale in the United States, and sold in the United States including in North Carolina and the Western District of North Carolina, either by Sumitomo Chemical's vendees or by their downstream customers. These vendees, such as Panasonic, sell and offer for sale batteries that include the Accused Lithium Ion Battery Separators in a direct infringement of the '586 patent. Likewise, users of such batteries directly infringe the '586 patent. Sumitomo has induced and continues to induce the direct infringement of the '586 patent by its vendees or their downstream customers, who import, use, offer for sale, or sell lithium ion batteries containing the Accused Lithium Ion Battery Separators in the United States.

20. Further, Sumitomo Chemical has sold infringing products with the knowledge that those products would be sold to consumers and cause injury to Celgard in the State of North Carolina and throughout the United States. For example, on information and belief, Sumitomo Chemical sold infringing separators to Panasonic Corporation ("Panasonic"), and those separators were incorporated into Panasonic NCR18650 batteries that power Panasonic's Toughbook laptop computers. On information and belief, Sumitomo Chemical knew that its infringing separators would be incorporated into Panasonic's NCR18650 batteries and sold with Panasonic's Toughbook laptop computers, or as a battery or battery pack for such computers, and Sumitomo Chemical knew that Panasonic had established distribution channels for selling its computers, batteries, and battery packs in the State of North Carolina and throughout the United States.

21. This Court has personal jurisdiction over Sumitomo Chemical in light of the activities of Sumitomo Chemical and its U.S. Subsidiaries recited herein.

22. Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I

### (Induced Infringement of United States Patent No. 6,432,586)

23. Celgard realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-22 of this Complaint.

24. Sumitomo Chemical has induced and continues to induce infringement of the '586 patent in violation of 35 U.S.C. § 271(b). Sumitomo Chemical does so, for example, by selling the infringing Accused Lithium Ion Battery Separators with the knowledge and intent that the Accused Lithium Ion Battery Separators are to be incorporated into finished lithium ion

7

batteries, and with the knowledge and intent that these finished lithium ion batteries will be and are imported into the United States, used within the United States, offered for sale in the United States, and sold within the United States, all direct infringements of the '586 patent. These finished lithium ion batteries directly infringe the '586 patent. For example, Sumitomo Chemical sells the infringing Accused Lithium Ion Battery Separators to Panasonic. Panasonic imports the Accused Lithium Ion Battery Separators into the United States and sells them in the United States to others. These others in turn sell and use them. These activities of Panasonic and these others directly infringe the '586 patent, and Sumitomo Chemical's activities actively encourage such infringement. On information and belief, Sumitomo Chemical encourages such importing, sales, and use in the United States by, in addition to manufacturing and selling the Accused Lithium Ion Battery Separators, providing technical support, sales assistance, and similar activity. Sumitomo Chemical knows of and has a specific intent that these activities and their direct infringements of Celgard's '586 patent occur. Sumitomo Chemical derives substantial profit from them.

25. Sumitomo Chemical has conducted and continues to conduct this infringing conduct with deliberate and willful disregard of Celgard's rights in the '586 patent. Celgard informed Sumitomo Chemical of the '586 patent and of its infringement at least by September 2012 through written and oral communication with Sumitomo Chemical. Sumitomo Chemical has known that that the importation, use, offer for sale, or sale of lithium ion batteries containing the Accused Lithium Ion Battery Separators in the United States by its vendees or their downstream customers constitutes direct infringement of one or more valid claims of the '586 patent through, among other things, its communications with Celgard. Sumitomo Chemical acted despite an objectively high likelihood that its sales of Accused Lithium Ion Battery

8

Separators induced infringement of the '586 patent. A reasonable person knowing of the '586 patent and the noted activities with the Accused Lithium Ion Battery Separators would know of a very high likelihood of infringement. Indeed, Sumitomo Chemical knows of this very high likelihood. Sumitomo Chemical's infringement of the '586 patent is willful and deliberate.

26. On information and belief, Sumitomo Chemical will continue in its willful and deliberate infringement of the '586 patent unless and until it is enjoined by this Court.

27. Celgard has been and continues to be damaged by Sumitomo Chemical's infringement of the '586 patent.

## PRAYER FOR RELIEF

WHEREFORE, Celgard respectfully prays that this Court:

a. Enter a judgment that Sumitomo Chemical has induced the infringement of the '586 patent;

b. Grant a permanent injunction restraining and enjoining Sumitomo Chemical, its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys from directly or indirectly infringing the '586 patent;

c. Award Celgard damages in an amount sufficient to compensate Celgard for Sumitomo Chemical's infringement of the '586 patent, but not less than a reasonable royalty;

d. Award prejudgment interest to Celgard under 35 U.S.C. § 284;

e. Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Celgard, by reason of Sumitomo Chemical's willful and deliberate infringement of the '586 patent;

f. Declare this case exceptional under 35 U.S.C. § 285 and award Celgard its reasonable attorneys' fees, expenses, and costs incurred in this action; and

g. Grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Celgard hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: February 22, 2013

Respectfully submitted,

/s/ *Steven Gardner*
Steven Gardner
N.C. Bar No. 20984
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
(336) 607-7300 (telephone)
(336) 607-7500 (facsimile)
sgardner@kilatricktownsend.com

*Attorneys for Celgard, LLC*