IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-00122-MOC-DSC

| | |
|---|---|
| CELGARD, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SUMITOMO CHEMICAL CO., LTD., | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the following Motions:

1. Defendant's "Motion to Dismiss … Under Fed. R. Civ. P. 12(b)(6) and (2), or in the Alternative to Transfer Venue …" (document #15);

2. "Plaintiff's … Alternative Motion for (1) Jurisdictional Discovery, and (2) Leave to Amend the Complaint" (document #32);

3. Defendant's "Motion to Strike [portions of Declarations attached to Plaintiff's Response to Defendant's Motion to Dismiss]" (document #43);

4. "Plaintiff's … Motion to Place Documents Under Seal" (document #47);

5. "Plaintiff's … Motion for Leave to File Surreply …" (document #49);

6. "Defendant's … Motion for Leave to File Surreply …" (document #55); and

7. "Defendant's Motion for Oral Argument" (document #65); as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

For the reasons stated therein and in Plaintiff's brief, its "Motion to Place Documents Under Seal" (document #47) is <u>granted</u>.

"Plaintiff's … Motion for Leave to File Surreply …" (document #49), "Defendant's … Motion for Leave to File Surreply …" (document #55), and "Defendant's Motion for Oral Argument" (document #65) are <u>denied</u> in the Court's discretion. Defendant's "Motion to Strike" (document #43) is <u>denied as moot</u>.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant in part</u> "Plaintiff's … Alternative Motion for (1) Jurisdictional Discovery, and (2) Leave to Amend the Complaint." The undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied without prejudice</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a patent infringement action. Plaintiff Celgard LLC ("Celgard") alleges that Defendant Sumitomo Chemical Company, Ltd. ("SCC") has induced infringement of its patented separator for lithium ion batteries (United States Patent No. 6,432,586 ("586 patent")). Accepting the factual allegations of the Amended Complaint as true, Celgard maintains its headquarters as well as a major manufacturing plant in Charlotte. Plaintiff is a developer, manufacturer, and seller of battery separators for lithium ion batteries. These batteries are a component in electronic products, including electric vehicles and laptop computers.

Defendant SCC is a Japanese corporation that competes with Celgard worldwide in the battery separator market. Defendant supplies the accused separators to Panasonic for its 18650 batteries. These batteries are used in electric vehicles produced by Tesla Motors and laptop computers made by Panasonic. Plaintiff alleges that more than eighty Tesla vehicles were sold

and delivered to customers in North Carolina. Battery packs for Panasonic's Toughbook computer are sold in North Carolina and throughout the United States.

Defendant contends that its principal place of business is in Japan and it lacks any connection with the state of North Carolina. Defendant denies any "continuous and systematic" contacts with North Carolina that would confer general jurisdiction, discussed infra. Defendant also denies conducting any activity related to the accused products in North Carolina or purposefully shipping them here through an established distribution channel. Defendant concedes that it is subject to personal jurisdiction in the Northern District of California.

On February 22, 2013, Plaintiff filed its Complaint alleging that Defendant induced infringement of the subject patent under 35 U.S.C. § 271(b).

On June 20, 2013, Defendant filed its "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and (2), or in the Alternative to Transfer Venue [to the Northern District of California]."

In its Alternative Motion for Jurisdictional Discovery, Plaintiff seeks an opportunity to conduct jurisdictional discovery related to :

> (1) SCC's sales and offers for sale into the Western District of North Carolina, North Carolina, and the U.S. of its Accused Lithium Ion Battery Separators while directly competing with Celgard and Celgard's battery separators; (2) Tesla Motors, Inc.'s sales of electric vehicles in the Western District of North Carolina, North Carolina, and the U.S. and its distribution of Panasonic 18650 batteries in the Western District of North Carolina, North Carolina, and the U.S., which batteries incorporate SCCs Accused Lithium Ion Battery Separators; (3) SCC's marketing efforts related to its Accused Lithium Ion Battery Separators and incorporating these Battery Separators into established channels of commerce to customers in the Western District of North Carolina, North Carolina, and the U.S.; (4) SCC's marketing or shipping, directly or indirectly, its Accused Lithium Ion Battery Separators in or into the Western District of North Carolina, North Carolina, and the U.S.; (5) SCC's distribution and marketing of the Accused Lithium Ion Battery Separators through its U.S. and non-U.S. subsidiaries; (6) SCC's overall revenues from sales of all products into the Western District of North Carolina, North Carolina, and the U.S.; and (7) SCC's payment of taxes to the U.S. Internal Revenue Service or revenue service of any state or county in the U.S.

Document #32 at 2-3. The parties' Motions have been fully briefed and are ripe for determination.

## II. DISCUSSION

Federal Circuit law governs personal jurisdiction in patent cases. IMO Indus., Inc. v. SEIM S.R.L., 305-CV-420-MU, 2007 WL 1651838, at *1 (W.D.N.C. June 4, 2007) (noting that Federal Circuit law applies in determining personal jurisdiction in patent cases). Plaintiff has the burden of proving personal jurisdiction here. Thomas v. Centennial Commc'ns Corp., 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. Dec. 20, 2006).

Plaintiff must show that the exercise of personal jurisdiction over the Defendant complies with the forum state's long-arm statute and the constitutional requirements of due process. Grober v. Mako Products, Inc., 686 F.3d 1335, 1345 (Fed. Cir. 2012), reh'g denied (Sept. 14, 2012). Since North Carolina's long-arm statute extends jurisdiction to the outer boundaries of due process, the jurisdictional analysis merges into a single due process inquiry. Thomas, 2006 WL 6151153, at *2.

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

A court may exercise general jurisdiction over a non-resident defendant where that defendant has contacts with the State that are so "continuous and systematic" as to render them

"essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant for a cause of action that arises out of the defendant's activities in the forum state. In analyzing specific jurisdiction over a defendant, the Federal Circuit considers whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." Grober, 686 F.3d at 1346 (citing Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003)). Plaintiff has the burden of making a prima facie showing of specific jurisdiction by satisfying the first two factors. The burden then shifts to defendant to show that such assertion of personal jurisdiction is not reasonable and fair. Id.

A prima facie case of personal jurisdiction over an alien defendant is made by meeting a "stream of commerce" standard. IMO Industries, Inc., 2007 WL 1651838, at *1 (citing Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994)). This standard requires that (1) the alien defendant placed the accused product into the stream of commerce, (2) the alien defendant knew or should have known the likely destination of the product, and (3) the alien defendant's conduct and connections with the forum state are such that it may reasonably foresee being haled into court within that forum. Id.

The test for reasonableness is a "multi-factored balancing test that weighs any burdens on the defendant against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving controversies flowing from in-state events." Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424, 429 (Fed. Cir. 1996). The

Federal Circuit considers five factors in determining whether jurisdiction is reasonable: "(1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." Id.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). Where the issue of personal jurisdiction is unclear, the Court may order discovery directed towards personal jurisdiction issues alone. See e.g., Patent Rights Protection Group, LLC v. Video Gaming Technologies, Inc., 603 F.3d 1364, 1372 (Fed. Cir. 2010) (district court abused its discretion in denying plaintiff jurisdictional discovery); Nuance Communications, Inc. v. Abby Software House, 626 F.3d 1222, 1236 (Fed. Cir. 2010) (finding district court abused its discretion in denying plaintiff jurisdictional discovery); SAS Institute Inc. v. World Programming Ltd., 2011 WL 1059139, *5-*7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting request for jurisdictional discovery typically should be granted "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, 2010 WL 889551 at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the undersigned concludes that Plaintiff is entitled to conduct limited jurisdictional discovery as outlined above. The jurisdictional facts are disputed here, but should be clarified through limited discovery. Accordingly, the undersigned

respectfully recommends that Defendant's Motion to Dismiss be <u>denied without prejudice</u> to its right to renew the Motion following completion of jurisdictional discovery.

## III. ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Place Documents Under Seal" (document #47) is **GRANTED**.

2. "Plaintiff's … Motion for Leave to File Surreply …" (document #49), "Defendant's … Motion for Leave to File Surreply …" (document #55), and "Defendant's Motion for Oral Argument" (document #65) are **DENIED**.

3. "Plaintiff's … Alternative Motion for (1) Jurisdictional Discovery, and (2) Leave to Amend the Complaint" (document #32) is **GRANTED IN PART**. The parties shall conduct limited jurisdictional discussion with a deadline of December 31, 2013. Following jurisdictional discovery, Plaintiff may renew its Motion for Leave to Amend.

4. Defendant's "Motion to Strike" (document #43) is **DENIED AS MOOT**.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss … Under Fed. R. Civ. P. 12(b)(6) and (2), or in the Alternative to Transfer Venue …" (document #15) be **DENIED WITHOUT PREJUDICE** to Defendant's right to renew the Motion following jurisdictional discovery.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.

Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 15, 2013

_____
David S. Cayer
United States Magistrate Judge